THE UNITED STATES, APPELLANTS v. WILLIAM MILLS' HEIRS.

A grant of land in East Florida was made by the governor, before the cession of Florida by Spain to the United States, on conditions which were not performed by the grantee within the time limited in the grant; or any exertions made by him to perform them. No sufficient cause for the non-performance of the conditions having been shown, the decree of the supreme court of East Florida, which confirmed the grant, was reversed.

APPEAL from the superior court of East Florida.

In the superior court of East Florida, the widow and children, heirs of William Mills, deceased, presented a petition, claiming title to a tract of land, situated on the east side of the river St. Johns, at a place called Buffalo Bluff, about two miles below the former plantation of Panton Leslie and Company. This land was claimed under a grant of Governor Coppinger, dated St. Augustine, 10th April, 1817.

The petition of William Mills to Governor Coppinger, dated 17th March, 1817, stated that he was an inhabitant of Fernandina, and that in 1805 he had obtained permission from the government to erect a water saw mill, in the place called Mulberry Branch, near the head of Matanzas river, the certificate of which was mislaid; and after erecting the buildings, they were burned down by the rebels in a sedition which took place in the year 1812: and wishing to build another saw mill east of the river St. Johns, at Buffalo Bluff, he asks that a tract of two miles square be granted to him, with title and property thereto, in order that he may carry his purpose into effect.

Governor Coppinger, on the 10th of August, 1817, granted the permission asked for by the petition, to erect a water saw mill on the river St. Johns, on the east side thereof, at a place called Buffalo Bluff; under the express conditions, that until he carries said work into effect, this grant of land will be null. "It being well understood, that unless the said machinery be built and erected, within the term of six months, this favour will be null, and of no value; as it can never be understood to have been granted with any other view but that of protecting the inhabitant settlers, and stimulating them to industry, for the known advantages which result from it to the province, and consequently to the interests of the king."

The claimants afterwards filed a supplementary or amended petition, in which they state, that the grantee had been deterred from making the improvements mentioned in his petition to Governor Coppinger, by Indian hostilities, and by threats to persons and their property, by hostile Indians, negroes and marauders; and they further state, that by the cession of Florida to the United States, by the treaty of 22d of February, 1819, they were further prevented making the improvements, as it was uncertain how their rights to the land would be affected by the change of government.

The answers of the attorney of the United States to the petition and the amended petition, asserted the non-compliance of the petitioner with the condition of the grant; and as to the amended petition, alleged, as to the dangers of proceeding to erect the mill, that if any such difficulties existed at all, they existed to as great an extent at the time when it is alleged that said grant was made, and when the ancestor of the claimant took upon himself the performance of the condition therein mentioned; as at any time since.

Evidence was taken by both parties, and the claim of the petitioners was confirmed by the superior court of Florida, at July term, 1837. The United States prosecuted this appeal.

The case was argued by Mr. Butler, attorney general for the United States. No counsel appeared for the appellees.

Mr. Justice WAYNE delivered the opinion of the Court:

This is an appeal from a decree of the superior court of East Florida, confirming a land claim.

It differs only from the case of the United States v. Z. Kingsley, decided by the Court at this term; in this: that the conditions upon which the appellee was to have a property in the land petitioned for, was limited to performance within six months from the date of the governor's decree. It was not performed. Nor was any attempt made to perform it by the appellee in his life-time, or by his representatives after his death. No sufficient cause for non-performance is shown within the time limited, nor afterwards; to bring it within those rules of justice and equity, which this Court has said, shall be applied in its construction of the 8th article of the treaty of February, 1819, with Spain; on its consideration of grants made upon condition. For the reasons stated in the case of Kingsley, the Court is of opinion

that the decree of the court below in this case, should be reversed, and it was ordered accordingly.

This cause came on to be heard on the transcript of the record from the superior court for the district of East Florida, and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the petitioner has not fulfilled the condition of the grant; and that, therefore, the grant or concession is null and void; and that the petitioner has no right or title to the land. Whereupon, it is now here decreed and ordered by this Court, that the decree of the said superior court, in this cause, be, and the same is hereby reversed and annulled; and that this cause be, and the same is hereby remanded to the said superior court, with directions to enter a decree in conformity to the opinion of this Court.